IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRENCE A. JOHNSON,

    Petitioner,                      Case No. 2:16-cv-575
                                        Crim. No. 2:04-cr-00144(2)
    v.                                  JUDGE JAMES L. GRAHAM
                                        Magistrate Judge Elizabeth A. Preston Deavers
UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

On March 10, 2017, the Court dismissed the *Motion to Vacate under 28 U.S.C. § 2255. Opinion and Order* (ECF No. 213). This matter is before the Court on Petitioner's *Motion for Certificate of Appealability.* (ECF No. 215). For the reasons that follow, Petitioner's request for a certificate of appealability is **DENIED**.

Petitioner pleaded guilty pursuant to the terms of his *Plea Agreement* to one count of conspiracy to violate the Hobbs Act, two Hobbs Act robberies, and two counts of carrying and brandishing a firearm during a crime of violence. (ECF Nos. 70, 75.) On April 29, 2005, the Court imposed an aggregate term of 240 months' incarceration, to be followed by three years of supervised release. (ECF No. 131). Petitioner claimed in this action that the Court improperly sentenced him as a career offender under § 4B1.1 and § 4B1.2 of the United States Sentencing Guidelines in view of *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015)(holding that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act was unconstitutionally vague); Petitioner argued that his Hobbs Act robberies do not qualify as crimes of violence. In dismissing the action, the Court rejected the merits of Petitioner's claims.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.). The petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). In order to make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

This Court is not persuaded that reasonable jurists would debate whether the Court was correct in its holding that the § 2255 motion was without merit. The United States Supreme Court in *Beckles v. United States*, — U.S. —, 137 S.Ct. 886 (2017), held that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2 therefore is not void for vagueness. Further, numerous cases decided by the Supreme Court, by the United States Court of Appeals for the Sixth Circuit, and by other Circuit Courts of Appeals confirm that a Hobbs Act robbery may properly constitute the predicate offense for a conviction under 18 U.S.C. § 924(c). *See Murphy v. United States*, Nos. 2:16-cv-560, 2:05-cr-1(1), 2016 WL 4886935, at *3 (S.D. Ohio Sept. 14, 2016)(citing *United States v. Justice*, No. 3:09-cr-180, 2016 WL 4194376, at *5 (S.D. Ohio Aug. 9, 2016)(citing *Alleyne v. United States*, 133 S. Ct. 2151, 2155-56 (2013)); *United States v.*

*Maddox,* 803 F.3d 1215, 1217 (11th Cir. 2015); *United States v. McBride*, No. 14-1851, 2015 U.S. App. LEXIS 14885, at *1, 2015 WL 5004909 (3rd Cir. Aug. 24, 2015); *United States v. Richardson,* 793 F.3d 612, 617 (6th Cir. 2015); *United States v. Adams*, 789 F.3d 713, 713 (7th Cir. 2015); *and United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) (noting that Hobbs Act robbery "indisputably qualifies as a crime of violence.").

Therefore, Petitioner's *Motion for Certificate of Appealability* (Doc. 215) is **DENIED.**


Date: May 10, 2017

                                                                                                  _____s/James L. Graham_____
                                                                                                  JAMES L. GRAHAM
                                                                                                  United States District Judge